IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10306
Summary Calendar
_____

DANTE D'AGOSTINO,

Plaintiff-Appellant,

versus

NFN BAKER, Officer; ET AL,

Defendants,

NFN BAKER, Officer, Correctional Officer III;
C. HARTNESS, Correctional Officer III,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-377
--------------------
September 24, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Dante D'Agostino, Texas prisoner # 688309, appeals the jury verdict rendered in favor of the defendants after a trial on his 42 U.S.C. § 1983 complaint alleging the excessive use of force against him by the defendants. D'Agostino's appeal stems from several rulings made by the magistrate judge presiding by consent at his pre-trial hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The exclusion of testimony, or of other evidence, is reviewed for an abuse of discretion. United States v. Pace, 10 F.3d 1106, 1115 (5th Cir. 1993). This court will affirm an evidentiary ruling unless the district court abused its discretion and the appellant's substantial rights were affected. United States v. Phillips, 219 F.3d 404, 409 (5th Cir. 2000).

D'Agostino first complains that the magistrate judge erred in failing to issue a writ of habeas corpus ad testificandum to produce an inmate witness at trial. Because D'Agostino's objection, made on the morning of trial, was untimely, the magistrate judge did not abuse its discretion in failing to issue the writ. See Pace, 10 F.3d at 1115.

In his brief, D'Agostino also asserts that he requested that the trial be postponed until Shaw could be produced. However, the transcript of the pre-trial hearing shows that he made no such request. Therefore, review is only for plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1527 (5th Cir. 1996) (en banc). This court "will not substitute [its] judgment concerning the necessity of a continuance for that of the district court unless the complaining party demonstrates that it was prejudiced by the denial." Streber v. Hunter, 221 F.3d 701, 736 (5th Cir. 2000). Because he has failed to provide this court with an affidavit from the inmate witness, or any other evidence, to show what testimony the inmate witness would have given, and because the inmate witness' testimony from the first trial was inconclusive, D'Agostino has failed to demonstrate prejudice. Streber, 221 F.3d at 736.

D'Agostino next argues that the magistrate judge erred in failing to have the defendants produce original photos of the use-of-force incident.  He argues that the copies provided to him were grainy and that he was only given copies of three photos when five were actually taken.  The record reflects that D'Agostino could have resolved these issues prior to the morning of trial.  Because D'Agostino's objections were untimely, the magistrate judge did not abuse its discretion in proceeding to trial without ordering the production of all of the original photos.  See United States v. De La Rosa, 171 F.3d 215, 219 (5th Cir. 1999).

Finally, D'Agostino argues that the magistrate judge erred in refusing to honor his request for blank, signed subpoena forms in accordance with FED. R. CIV. P. 45(a)(3).  Because D'Agostino did not raise this issue in the district court, it is reviewed only for plain error.  See Douglass, 79 F.3d at 1427.  D'Agostino has not demonstrated that his substantial rights were affected because he has failed to provide evidence to this court indicating what the testimony of any missing witness would have been.  See Highlands Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 27 F.3d 1027, 1031-32 (5th Cir. 1994).

D'Agostino has filed in this court a motion to strike the appellees' letter brief.  He contends that they are incorrect in asserting that he failed to preserve the inmate witness issue for review.  The appellees are entitled to argue their belief that D'Agostino has failed to brief a certain issue.

AFFIRMED.  MOTION TO STRIKE DENIED.